UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT WRAY, individually and on behalf of others similarly situated,<br><br>                      Plaintiffs,<br><br>            - against -<br><br>GOLDEN KRUST CARIBBEAN BAKERY INC.; LOWELL HAWTHORNE; MILTON HAWTHORNE; and any other related entities,<br><br>                   Defendants. | **Case No.:**<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff ROBERT WRAY (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.    This action is brought pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 203, 206 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, NYLL Article 19 §§ 650 *et seq.*, and 12 New York Codes, Rules and Regulations ("NYCRR") Part 146, to recover, *inter alia*, compensation, including unpaid minimum wages and overtime compensation, owed to the Named Plaintiff and other similarly situated persons who are presently or were formerly employed by GOLDEN KRUST CARIBBEAN BAKERY INC.; LOWELL HAWTHORNE; MILTON HAWTHORNE; and any other related entities, (hereinafter collectively referred to as "Defendants").

## JURISDICTION & VENUE

2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District because the wage violations which give rise to the Named Plaintiff's claims occurred in this District.

## THE PARTIES

4.     Plaintiff ROBERT WRAY is an individual who currently resides in Bronx County, New York, who was employed as a maintenance worker by Defendants from approximately December 2005 through December 2016 at the Defendants' 3958 Park Avenue, Bronx, New York 10457 location.

5.     Upon information and belief, Defendant GOLDEN KRUST CARIBBEAN BAKERY INC. is domestic business corporation organized and existing under the laws of the State of New York, and is authorized to do business in the State of New York, with a headquarters and principal place of business located at 3958 Park Avenue, Bronx, New York 10457 and is engaged in the hospitality industry as that term is used and defined in 12 NYCRR Part 146.

6.     Upon information and belief, LOWELL HAWTHORNE is a resident of the State of New York, with a principal place of business located at 3958 Park Avenue, Bronx, New York 10457, and is, and at all relevant times was, an offices and/or owner of GOLDEN KRUST CARIBBEAN BAKERY INC.

7.     Upon information and belief, MILTON HAWTHORNE is a resident of the State of New York, with a principal place of business located at 3958 Park Avenue, Bronx, New York 10457, and is, and at all relevant times was, an offices and/or owner of GOLDEN KRUST

2

CARIBBEAN BAKERY INC.

8.      Defendants LOWELL HAWTHORNE and MILTON HAWTHORNE are collectively referred to herein as the "Individual Defendants."

9.      Upon information and belief, during all relevant times, the GOLDEN KRUST CARIBBEAN BAKERY INC. shared common management, were centrally controlled, and/or were owned by the same entity/entities and/or individual(s), including but not limited to, the Individual Defendants.

10.     Upon information and belief, at all relevant times, the Individual Defendants had control over, and the power to change compensation and other business practices at the GOLDEN KRUST CARIBBEAN BAKERY INC.

11.     Upon information and belief, at all relevant times, the Individual Defendants had the power to determine employee policies at the GOLDEN KRUST CARIBBEAN BAKERY INC., including, but not limited to, policies governing compensation of employees.

12.     Defendants are a single and/or joint employer under the FLSA and the NYLL in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by the Named Plaintiffs and putative class members, including payroll practices.

13.     Upon information and belief, each Defendant has had substantial control of the Named Plaintiffs' and putative class members' working conditions and over the unlawful policies and practices alleged herein.

14.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

15.     This action is properly maintainable as collective action pursuant to FLSA, 29 U.S.C. § 216(b), and as a class action under Rule 23 of the Federal Rules of Civil Procedure.

16.     This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as non-exempt employees in furtherance of Defendants' food service business.

17.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

18.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

19.      The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

20.     The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

22.     A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies

## FACTS

23.     Since at least August 2011, Defendants employed, in furtherance of its food service

business, numerous individuals including the Named Plaintiff and putative class members, in non-exempt positions.

24.     During his employment with Defendants, Plaintiff Wray worked as maintenance technician and welder.

25.     In these capacities, Plaintiff Wray typically worked every Monday through Friday from 8:00 a.m. to 5:00 p.m., every Saturday from 8:00 a.m. to 6:00 p.m., and every other Sunday from 8:00 a.m. to 6:00 p.m. For each day Plaintiff Wray worked, he typically received a 30-minute lunch break.

26.     In total, Plaintiff Wray typically worked approximately either 52 hours or 62 hours per week, depending on whether he worked on Sunday.

27.     Plaintiff Wray was typically paid a flat salary throughout his employment, regardless of the number of hours he may have worked in a given week.

28.     For example, from 2011 through mid-2012, Plaintiff Wray typically received $802.23 per workweek, regardless of how many hours he may have worked that week. From mid-2012 through the 2013, Plaintiff Wray typically received $842.34 per workweek, regardless of how many hours he may have worked that week. From 2013 through 2016, Plaintiff Wray typically received $884.46 per workweek, regardless of how many hours he may have worked that week.

29.     Typically, Plaintiff Wray received a paycheck reflecting the above amount, yet it failed to list the (i) number of hours Plaintiff Wray worked, or (ii) Plaintiff Wray's hourly rate of pay.

30.     Upon information and belief, other members of the putative class typically worked were paid only a weekly salary for all hours worked, regardless of how many hours they may have worked that week.

31.     Upon information and belief, other members of the putative class typically received a paycheck reflecting the payment of a weekly salary, yet it failed to list the (i) number of hours they worked, or (ii) their hourly rate of pay.

32.     Despite regularly working in excess of 40 hours per workweek, Defendants failed to compensate Plaintiff Wray at time and one half his regular hourly rate for each such overtime hour worked.

33.     Upon information and belief, other members of the putative class typically worked in excess of 40 hours per workweek, but did not receive time and one half their regular hourly rate for each such overtime hour worked.

34.     Plaintiff Wray did not receive a notice of his payrate or pay date upon his hiring or at any time thereafter.

35.     Upon information and belief, other members of the putative class did not receive a notice of their payrate or pay date upon their hiring or at any time thereafter.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY NEW YORK MINIMUM WAGE

36.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

37.     Pursuant to NYLL Article 19 § 652 "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than: $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, $8.75 on and after December 31, 2014, $9.00 on and after December 31, 2015…."

38.     Pursuant to 12 NYCRR § 146-1.2, "(a) [t]he basic minimum hourly rate … shall be: (1) $7.25 per hour on and after January 1, 2011; (2) $8.00 per hour on and after December 31,

2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015."

39.     Here, Defendants failed to pay Plaintiff Wray, and upon information and belief, other members of the putative class, a wage not less than the applicable minimum wage for all hours worked in a given workweek.

40.     NYLL Article 19 § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

41.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.2 and NYLL Article 19 § 652, triggering NYLL Article 6 § 198 and NYLL Article 19 § 663, and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS:<br>FAILURE TO PROVIDE NEW YORK WAGE STATEMENT

42.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

43.     Pursuant to 12 NYCRR § 146-2.3, "[e]very employer shall provide to each employee a statement, commonly referred to as a pay stub, with very payment of wages. The pay stub must list hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages"

44.     Pursuant to NYLL Article 6 § 195(3), "every employer shall: furnish each employee with a statement with every payment of wages, listing the following:  the dates of work

covered by that payment of wages;  name of employee;  name of employer;  address and phone number of employer;  rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;  gross wages;  deductions;  allowances, if any, claimed as part of the minimum wage;  and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

45.     Here, the Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a statement with every payment of wages listing all required information, including the number of hours they worked or their rate of pay.

46.     NYLL Article 6 § 198(1-d) provides that "[i]f any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

47.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.3 and NYLL Article 6 § 195(3), triggering NYLL Article 6 § 198(1-d), and are liable to the Named Plaintiffs and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PROVIDE NOTICE OF PAY RATE AND PAY DATE

48.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

49.     Pursuant to 12 NYCRR § 146-2.2, "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday. The notice shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate…"

50.     Pursuant to NYLL Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

51.     Here, the Named Plaintiff and, upon information and belief, other members of the putative class, did not receive a notice in writing at hiring – or at any time thereafter – listing all required information, including their pay rate, their pay day, or the frequency of their pay day.

52.     NYLL Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

53.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-2.2 and NYLL Article 6 § 195(1)(a), triggering NYLL Article 6 § 198(1-b), and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:
## FAILURE TO PAY NEW YORK OVERTIME

54.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

55.     Defendants are "employers," within the meaning contemplated pursuant to Labor Law Article 6 § 190(3), Labor Law Article 19 § 651(6), and cases interpreting same.

56.     The Named Plaintiff and members of the putative class are "employees," within the meaning contemplated pursuant to Labor Law Article 6 § 190(2), Labor Law Article 19 § 651(5), 12 NYCRR § 146-3.2, and cases interpreting same.

57.    The provisions of Labor Law Articles 6 and 19, and the supporting New York State Department of Labor regulations, including 12 NYCRR Part 146 apply to Defendants and protect the Named Plaintiff and members of the putative class.

58.    Pursuant to 12 NYCRR § 142-2.2, "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate … [where] [t]he applicable overtime rate shall be paid for each workweek: for working time over 40 hours."

59.    Here, the Named Plaintiff, and upon information and belief, other members of the putative class, typically worked in excess of 40 hours per week, however Defendants failed to compensate them at an overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in a given week.

60.    Specifically, the Named Plaintiff typically worked approximately 52 to 62 hours per week without being compensated at an overtime rate of one and one-half times his regular rate of pay for the 12 to 22 hours he worked in excess of 40 hours in a given week.

61.    Accordingly, Defendants failed to pay the Named Plaintiff, and upon information and belief, other members of the putative class, all earned wages.

62.    Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

63.    By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4, triggering Labor Law Article 6 § 198 and Labor Law Article 19 § 663, and are liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest,

attorneys' fees and costs.

## FIFTH CAUSE OF ACTION AGAINST DEFENDANTS:
## <u>FAILURE TO PAY FLSA OVERTIME</u>

64.     The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

65.     Defendants are employers within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and case law interpreting the same.

66.     Defendants are employers of the Named Plaintiff and of all putative class members

67.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

68.     The Named Plaintiff, and upon information and belief, other members of the putative class, typically worked in excess of 40 hours per workweek, without receiving overtime compensation at time and one-half their regular hourly rate for all such hours worked in excess of 40.

69.     Consequently, by failing to pay the Named Plaintiff and other members of the putative class all their earned overtime compensation, Defendants violated FLSA 29 U.S.C. § 207.

70.     Upon information and belief, Defendants' failure to pay overtime compensation was willful.

71.     By the foregoing reasons, Defendants have violated FLSA 29 U.S.C. § 207, and are

liable to the Named Plaintiff and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiffs individually and on behalf of others similarly situated, seek the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(2) on the second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(3) on the third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(4) on the fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited NYLL and regulatory provisions;

(5) on the fifth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited FLSA and regulatory provisions;

(6) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
       August 3, 2017

LEEDS BROWN LAW, P.C.

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiffs &*
*     the Putative Class & Collective*

# CONSENT TO JOIN COLLECTIVE ACTION TO
# RECOVER UNPAID WAGES

BY SIGNING BELOW I, _Robert Wray_ , WISH TO PARTICIPATE

IN THIS LAWSUIT TO RECOVER ANY UNPAID WAGES THAT MAY BE OWED TO ME UNDER

THE FAIR LABOR STANDARDS ACT AGAINST _Golden Krust Bakery_ AND

ANY AFFILIATED ENTITIES AND OWNERS OF THIS COMPANY.


I hereby appoint Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of the law firm Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY , 11514-1851, telephone (516) 873-9550.


Name (print) : _Robert Wray_

Address     : ██████████████████████

City    : ████████    State : _NY_    Zip Code: ██████

Signature   : _(signature)_    Date: _3-8-17_